UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                  Case No. 04-30834-DHW
                                                       Chapter 11
THREE FLAGS–OAKS, L.L.C.,

      Debtor.

MEMORANDUM DECISION

Three Flags Apartments, L.L.C. filed a motion to enforce the April 27, 2004 order requiring the debtor to turnover "all rents, profits, or proceeds received in the operation of the apartments since January 27, 2004, the date of the foreclosure."

A short review of the procedural history is in order. Three Flags Apartments, L.L.C. foreclosed the debtor's interest in an apartment complex in Montgomery, Alabama on the morning of January 27, 2004. Shortly after noon on the same day, the debtor filed a petition under chapter 11 in the Southern District of New York. The debtor's principal filed an affidavit with the petition certifying the complex as the debtor's only asset and Three Flags Apartments as its only creditor.

Three Flags Apartments filed a motion on February 6, 2004 for relief from the automatic stay to take possession of the complex and for turnover of all rents collected after foreclosure. The motion also requested dismissal or transfer of the case for improper venue.

The New York bankruptcy court transferred the venue to the Middle District of Alabama by order dated February 20, 2004. The case was received in Alabama on March 23, 2004.

On March 25, 2004, a status conference in this case was scheduled for April 5, 2004. Three Flags Apartments filed a motion on March 26, 2004 to expedite the hearing on its motion for relief from stay.

At the status conference, the stay motion was scheduled for an evidentiary hearing on April 21, 2004. The court asked how the debtor could protect the creditor's interest in the rents generated by the complex pending the hearing. The debtor proposed to suspend disbursements of all rent collected by the complex. The court concurred and enjoined the debtor from disbursing any money in its possession or any money that "comes into its possession between now and the evidentiary hearing without specific authority of this court."

The evidentiary hearing on the stay motion was held April 21, 2004. The debtor opposed the motion by contending that the foreclosure sale was invalid and due to be set aside. The court took the matter under advisement and on April 27, 2004, made oral findings of fact and conclusions of law upholding the foreclosure sale.

A written order entered the same day holding that Three Flags Apartments, L.L.C. is the owner of the apartment complex and requiring the debtor to turnover "all rents, profits, or proceeds received in the operation of the apartments since January 27, 2004, the date of the foreclosure."[1]

Three Flags Apartments took possession of the complex on May 10, 2004. The debtor turned over $7,429.74 to the creditor in a purported attempt to comply with the order.

Three Flags Apartments filed a motion on May 26, 2004 to enforce the turnover order. The motion alleges that the debtor has not turned over the rents profits and proceeds as ordered. The motion further requests that the debtor and its manager, Avram Cimmering, be held in contempt of court.

---

[1] The order stated that "[b]ecause the real property is not property of this bankruptcy estate, the automatic stay does not prevent Three Flags Apartments, L.L.C., from pursuing its state law remedies to enforce its ownership and possessory interest in the property."

2

The motion came on for initial hearing on June 14, 2004. On that date, an evidentiary hearing was scheduled July 12, 2004. The hearing was rescheduled to August 23, 2004 at the request of the parties.

Three Flags Apartments presented a summary of the income generated by the apartment complex from January 27, 2004 to May 10, 2004. The summary itemizes income by month and category. The categories include rent, security deposits, late fees, application fees, and laundry and cable television commissions. The income totals $53,557.11.

As stated above, the debtor turned over only $7,429.74 of this amount. The debtor contends that the balance was incurred in the operation of the apartment complex.

In support, the debtor submitted a summary of expenses incurred by the debtor from January 27 to the end of April. The summary is supported by entries from the debtor's general ledger.[2] The expenses total $50,234.40. The debtor contends it has more than complied with the order by remitting $7,429.74, an amount exceeding the difference.

Conclusions of Law

When the debtor filed the chapter 11 petition on January 27, 2004, the debtor's interest in the apartment complex had been foreclosed. The debtor no longer owned the property or its proceeds but had a mere cause of action to set the foreclosure aside.

Despite this fact, the debtor continued to use the rental and other income received in the operation of the apartment complex. It did so at its own risk. The debtor never requested court permission to use the money, which even under the debtor's scenario would have constituted cash

---

[2] However, there are no entries in the general ledger reflecting the amount of withholding taxes and social security expense paid by the debtor. The debtor supported this category of expense through the testimony of Avram Cimmering.

3

collateral of the creditor.

Three Flags Apartments is not requesting return of the entire $53,557.11. The creditor acknowledges that some of the money was used to fund legitimate expenses of the apartment complex. The creditor challenges only the following expenses:`

| | |
|---|---:|
| Management Exchange | $13,594.56 |
| Professional Fees | 7,000.00 |
| Travel | 3,904.60 |
| Auto Expense | 400.00 |
| Management Fee | 2,247.16 |
| Bank Fees | <u>285.00</u> |
| | $27,431.32 |

The "Management Exchange" category on the general ledger represents shareholder withdrawals and deposits. The debtor has at least 3 shareholders.[3] The professional fees represent $2,000 paid to the debtor's accountant and $5,000 paid to a lawyer who represented the debtor prepetition. The debtor did not obtain court approval under 11 U.S.C. § 330 to pay the professional fees. The travel and auto expenses were incurred by the debtor's manager. He does not live in the Montgomery area and attempted to visit the property 2 to 3 times per month. The management fee represents Avram Cimmering's charge for managing the property. The bank fees include numerous transaction fees for ATM withdrawals as well as 6 overdraft fees and 2 NSF fees. The fees appear to represent poor banking practices.

The court agrees that the debtor has not proven that the above charges were necessarily and appropriately incurred in the operation of the apartment complex. Incidental expenses due solely to the debtor's operation of the complex represent a layer of expense which the creditor

---

[3] The general ledger reflects that from January 27 to the end of April, 2004, shareholders made deposits in the amount of $16,461.79.

could have avoided.

The remaining expenses claimed by the debtor are not challenged by the creditor:

| | |
|---|---:|
| Dues and Subscriptions | 236.00 |
| Petty Cash | 717.00 |
| Payroll Service | 59.02 |
| Interest Expense | 29.85 |
| Telephone | 739.09 |
| Utilities | 1,325.96 |
| Repairs & Maintenance | 4,669.94 |
| Salaries & Wages | 12,360.27 |
| Withholding Taxes & Social Security Expense | 2,665.95 |
| May 6 Payment of Salaries and Wages | <u>2,939.44</u> |
| | $25,742.52 |

Subtracting the unchallenged expenses ($25,742.52) from the total income received by the debtor from January 27 to May 10, 2004 ($53,557.11), the debtor was due to have turned over $27,814.59 to the creditor. The debtor in fact turned over only $7,429.74, leaving a balance of $20,384.85. Therefore, judgment is due to enter in favor of Three Flags Apartments in the amount of $20,384.85.

The creditor contends in addition that the debtor violated the April 5, 2004 order by making disbursements following April 5, 2004 without court permission. The general ledger reflects the following withdrawals or disbursements from April 6 to April 30:

| | |
|---|---:|
| Management Exchange | $5,586.42 |
| Telephone | 42.74 |
| Repairs & Maintenance | 179.89 |
| Bank Fees | 4.50 |

5

| | |
|---|---:|
| Travel | 107.27 |
| April Salaries & Wages | 3,660.08 |
| | $9,580.90 |

The disbursements represent expenses which were unchallenged by the creditor (as itemized above) with the exception of the management exchange withdrawals in the amount of $5,586.42. Though the general ledger reflects that shareholders deposited a total of $7,313.79 during the same time period, any withdrawals were made in clear violation of the court order. Because the debtor did not submit any financial data for the period May 1 through May 10, the court has no way of knowing what withdrawals or deposits, if any, were made by shareholders during that time period.

The general ledger reflects, at best, a reckless disregard of the fiduciary duties of a chapter 11 debtor and the property rights of Three Flags Apartments. The debtor failed to segregate the income from the complex and used its bank account for convenience purposes unrelated to the operation of the debtor.

The court concludes that the debtor and its manager, Avram Cimmering, are due to be held in contempt of court for violating the April 5, 2004 order.

A separate judgment and order of civil contempt will enter consonant with this memorandum.

Done this 30th day of August, 2004.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: David Graubard, Attorney for Debtor
David Bowen Hughes, Attorney for Creditor

6